## APPEAL OF JENNIE E. ZIMMERMAN.

Docket No. 2145. Submitted April 29, 1925. Decided September 28, 1925.

*James Walton, Esq.*, and *J. M. Cumming, C. P. A.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before IVINS and MORRIS.

This appeal is from the determination of a deficiency in income taxes of $3,883.49 for the years 1919 to 1921, inclusive. The only error assigned by the taxpayer is the reduction by the Commissioner of the March 1, 1913, value of her business by $25,000, a claimed fair market value of the good will, in determining the gain derived from the sale of the business on November 10, 1919. From the pleadings and oral and documentary evidence presented at the hearing the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a resident of Butler, Pa. In the year 1893 she took over from her brother a ladies' garment and specialty business in Butler, which was practically bankrupt, and operated it, under the name of Zimmerman Specialty Store, continuously until November 10, 1919, at which time it was sold, because of her failing health, for approximately $110,000. During that period the business progressed steadily and consistently. The sales increased from about

$28,000 in 1893 to $574,186.88 for the five-year period ended January 31, 1913, or an average of $114,827.37 per year; and to $571,000 for the three years ended January 31, 1920, or an average of $190,531.71 per year. The average investment in tangible assets for the last three years was $87,739.03. The total net income for the three years ended January 31, 1920, after allowing $4,000 as the taxpayer's salary, which was not claimed in the fiscal years 1919 and 1920, amounted .to $57,000, or an average of $19,184.39 for each year. Prior to 1917 the books which were kept did not reflect the assets and liabilities of the business.

At the time the sale was executed in 1919 the vendee did not pay anything for the good will specifically as such, but agreed to pay the invoice price of all goods on hand, among which was out-of-date and unseasonable merchandise, the market price of which was about $20,000 below the invoice price. In addition he agreed to pay, under a 10-year lease with the taxpayer, a rental of $6,000 a year for the first five years and $5,000 a year for the second five years. The concession on the inventory and the additional $1,000 on the lease for the first five years was intended as a payment for good will. The vendee insisted that he be given the right to use the name Zimmerman in the conduct of the business, under which name he is still operating it.

The value of the good will of the taxpayer's business on March 1, 1913, was $15,000.

DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on consent or on 15 days' notice, under Rule 50.

ARUNDELL not participating.